FILED
IN CLERK'S OFFICE
U.S. DISTRICT C... D.N.Y.

★ FEB 2 0 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZOILA C. MCBEAN,

                                  Plaintiff,

-against-

NTN TRUCKING, LLC, and
AVRAM VASILYEVICH ZHIRYADA,

                                  Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-3275 (SLT)(RLM)

**TOWNES, United States District Judge:**

Presently before the Court is Magistrate Judge Roanne L. Mann's Report and Recommendation ("R&R") recommending that the Court remand this action to the New York State Supreme Court, Kings County, and consider imposing sanctions on defense counsel for ignoring two court orders. (*See* ECF No. 7.) For the reasons set forth below, the R&R is rejected.[1]

## *STANDARD OF REVIEW*

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After completing this review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## *DISCUSSION*

Plaintiff Zoila McBean originally filed this action, which arises from a motor vehicle accident, in New York State Supreme Court, Kings County, on May 8, 2013. (*See* ECF No. 1.) Defendants filed a notice of removal on June 7, 2013. (*Id.*) The notice of removal does not

---

[1] The Court finds no fault with the Magistrate Judge's analysis. Instead, the Court bases this decision on information presented to the Court only after the Magistrate Judge issued the instant R&R.

specify the citizenship of the defendant limited liability company's members and does not identify a basis for asserting that the damages sought exceed the $75,000 jurisdictional threshold. The Magistrate Judge thus issued an order on June 10, 2013, directing defendants, by June 14, 2013, to show cause why the case should not be remanded to state court. (ECF No. 3.) After defendants failed to respond to this order, the Magistrate Judge on June 18, 2013, ordered defendants to show cause by close of business the following day why the case should not be remanded to state court and warned that a second failure to respond could result in sanctions. (ECF No. 6.) Defendants again filed no response. On June 27, 2013, the Magistrate Judge issued an R&R recommending that this case be remanded to state court and that the District Court consider imposing sanctions on defense counsel for ignoring two court orders. (ECF No. 7.)

On July 15, 2013, defendants timely filed objections to the R&R. (ECF No. 8.) In the objections, defense counsel apologizes to the Magistrate Judge and the Court and states that he did not intentionally ignore the Court's orders but, during a "very busy" time, failed to review them in a timely manner. (ECF No. 8 at 2.) The objections, sworn to by defense counsel, provide the information requested in the Magistrate Judge's orders to show cause. *See* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (3d ed. 1998) ("The district court's inquiry cannot be limited to the complaint, as it often can be when removal is based on federal question jurisdiction, because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state court complaint."); *see also Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807–08 (W.D. Tex. 2008) (considering affidavit detailing citizenship of defendant partnership's members and pre-suit demand letter in denying remand). Regarding the amount-

in-controversy requirement, plaintiff's attorney's office has indicated that plaintiff underwent surgery to both knees and likely will require a spinal fusion surgery as a result of injuries allegedly sustained in the accident. (ECF No. 8 at 2.) Moreover, plaintiff has demanded the one million dollar policy limit to settle the case. (*Id.* at 2–3.) With respect to citizenship, the sworn objections state that both members of the defendant LLC are Oregon citizens. (*Id.* at 3.) Plaintiff is a New York resident. (ECF No. 1.)

In light of the representations made in defendants' objections, the Court finds that defendants have demonstrated a sufficient basis for diversity jurisdiction. *See* 28 U.S.C. § 1332. Given the short amount of time provided for defendants to respond, and defense counsel's apology and assurance against future recurrences, the Court will not sanction defense counsel.

## CONCLUSION

For the reasons set forth above, the R&R (ECF No. 7) is rejected.

**SO ORDERED.**

/s/ Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

Dated: February 17, 2015
Brooklyn, New York